# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ENRIQUE GIL MARTINEZ,<br><br>    Petitioner,<br><br>v.<br><br>BARBARA WAGNER,<br><br>    Respondent. | 1:10-cv-01139 MJS HC<br><br>ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER<br><br>[Doc. 12] |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to the jurisdiction of the United States Magistrate Judge.  28 U.S.C. § 636(c)(1);  Local Rule 305(b).

    On June 24, 2010, Petitioner filed a petition for writ of habeas corpus. On September 15, 2010, the Court issued an order requiring Respondent to file a response to the petition. On November 18, 2010, Respondent filed a motion requesting an extension of time.  The Court granted the extension on November 19, 2010.

    The order granting the extension of time was served by mail on Petitioner. (Order Extending Time, ECF No. 11.) On November 30, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On December 3, 2010, the Court issued a order to show cause why the petition should not be dismissed due to Petitioner's failure to provide the Court his forwarding address. (Order to Show Cause, ECF No. 12.) On December 15, 2010, the order served on Petitioner was returned by the U.S. Postal Service as

1  undeliverable. Over sixty-three (63) days have passed since mail directed to the Petitioner has
2  been returned, and Petitioner has not informed the Court of his address as required by court
3  order.

4        Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep
5  the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in
6  pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

10        In the instant case, over sixty-three (63) days have passed since Petitioner's mail was
11 returned and he has not notified the Court of a current address.

12       In determining whether to dismiss an action for lack of prosecution, the court must
13 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
14 court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public
15 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
16 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King,
17 856 F.2d 1439, 1440-41 (9th Cir. 1988).

18       The Court finds that the public's interest in expeditiously resolving this litigation and the
19 court's interest in managing the docket weigh in favor of dismissal as this case has been
20 pending since June of last year.  The Court cannot hold this case in abeyance based on
21 Petitioner's failure to notify the Court of his address.  The third factor, risk of prejudice to
22 respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
23 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
24 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their
25 merits, is outweighed by the factors in favor of dismissal discussed herein.  Finally, given the
26 Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court
27 apprised of his current address, no lesser sanction is feasible.

28       Petitioner has failed to inform the Court of his current address as required by Local Rule

1  183(b) and court order. Therefore, the petition must be dismissed.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice; and

2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   February 28, 2011              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE